```
KAREN A. OVERSTREET
Bankruptcy Judge
315 Park Place Bldg.
Seattle, WA  98101

(206) 553-1624
```

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re ) | |
| ) | Chapter 13 |
| TIMOTHY DREUX WHITE, ) | |
| ) | Bankruptcy No. 08-17636 |
| ) | |
| Debtor. ) | |
| ) | **ORDER ON DEBTOR'S OBJECTION** |
| ) | **TO CLAIM OF BECU** |
| _____ ) | |

This matter came before the Court on January 20, 2010, on the debtor's motion to disallow the proof of claim filed by Boeing Employees' Credit Union ("BECU"). The Court heard oral argument and has considered the pleadings, which raise an issue of fact as to the value of the debtor's 2006 Toyota Avalon (the "Vehicle") which secures BECU's loan. Although the parties are entitled to an evidentiary hearing to submit evidence of the value of the Vehicle, they have stipulated to the Court's resolution of the dispute based upon the pleadings and Kelley Blue Book ("KBB") valuations.

BECU filed a secured claim in the amount of $18,256.79. The debtor confirmed a plan on June 16, 2009. The plan values the Vehicle at $13,000 and seeks to limit BECU's secured claim to that amount and to treat the balance of the claim as unsecured. BECU responded to the debtor's motion, contesting the debtor's valuation of the Vehicle, and claiming the value to be at least $23,565. At that value, BECU's claim would be fully secured.

ORDER - 1

The value of the Vehicle must be determined as of the effective date of the plan, which in this case, is the date of confirmation. 11 U.S.C. §1325(a)(5)(B)(ii). *See*, *also*, *In re Jones*, 219 B.R. 506 (Bankr. N.D. Ill.1998) (holding that the plan confirmation date, as opposed to the petition date, was properly used in determining the retail value of the automobile used to secure a claim for Chapter 13 "cram-down" purposes). In addition, the valuation standard is "the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined." 11 U.S.C. §506(a)(2). The value of collateral is determined by the price a willing buyer in the debtor's trade, business, or situation would pay a willing seller to obtain property of like age and condition. *Associates Commercial Corp. v. Rash*, 520 U.S. 953 (1997).

Neither party has submitted evidence of the value of the vehicle as of June 16, 2009. Instead, both parties submitted KBB values as of the petition date of November 8, 2008. Further, BECU's KBB valuation assumes that the vehicle is in "excellent condition," with mileage of only 18,750. According to the Debtor's declaration, however, the Vehicle is in "fair to good condition," due to slight body damage on the right rear bumper, and as of the petition date, the mileage was 66,000. His declaration states that the mileage as of the hearing date on the motion was 82,000.

The debtor valued the vehicle at $13,000 on his schedules. BECU's KBB valuation as of the petition date shows a private party value of $21,690 if in good condition and $20,190 if in fair condition. I conclude that the value as of the petition date should have been fixed at $20,190, to reflect the high mileage of

ORDER - 2

the Vehicle and the body damage. Starting with that value as of the petition date, the Vehicle would have to be discounted for depreciation and increased mileage occurring from the petition date to the date of confirmation. The debtor produced a private party valuation as of the hearing date if in "fair condition" of $14,395, which suggests depreciation totaling $5,795 over the period of 14 months. Applying depreciation of $414 per month for the eight months from the petition date (November 2008) to the confirmation date (June 2009) would require a reduction to the petition date value by $3,312. Thus, the value after depreciation would be $16,878 ($20,190 - $3,312).

NOW, THEREFORE, for the foregoing reasons, the Court finds that the value of the Vehicle for purposes of confirmation of the debtor's plan is $16,878.

It is hereby ORDERED that BECU's claim is allowed as a secured claim in the amount of $16,878 and an unsecured claim for the balance.

///END OF ORDER///

Karen A. Overstreet
United States Bankruptcy Judge
(Dated as of Entered on Docket date above)

ORDER - 3